W. W. LOONEY

*v.*

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

1. JURISDICTION—*Court has not of claims under Workmen's Compensation Act.* Where an employee of the State is injured while in the service of the State, this Court does not have jurisdiction of the claim for compensation.

2. SAME—Claims of this class are under the jurisdiction of the Industrial Board.

Silas W. Cook, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant was employed as a guard at the Criminal Insant Asylum, at Chester, Illinois, and on July 27, 1914, while engaged in performing his regular duties as such guard, he was assaulted and beaten over the head and face with a brass bozzle, by an inmate of said hospital. Complainant further states that said State Insane Hospital at the time he received the injury had accepted and was operated under the Workmen's Compensation law for accidental injury or death, passed by the General Assembly of the State of Illinois, and approved June 28, 1913, that said act was in full-force and effect at the time he received the injuries; that he had accepted and was working under this act; that he gave notice of said accident and injury so received to the Industrial Board of the State of Illinois; that he complied with said law in every respect, that a hearing of this case was had before the Committee of Arbitration as provided by law; that said Committee of Arbitration found that claimant was entitled to the sum of $6.35 per week for a period of fifty weeks; that an appeal was prayed and perfected to the Industrial Board; that said Industrial Board heard said appeal and approved and confirmed the findings of the Committee of Arbitration, and that no appeal or further proceedings were had in said cause. A copy of the findings of said Industrial Board is attached to and made a part of claimant's declaration, which shows that the Industrial Board ordered the compensation payments to be made accordingly.

Claimant files his declaration in this Court for the sole purpose of having this Court recommend to the Legislature the payment of the amount found due him by the Industrial Board, and this Court is not to pass upon the merits of the claim; that although section 4 of the Workmen's Compensation Law, defining the term employer includes the State, no provision is made in said law for the payment of the amounts found due by said Industrial Board by the State of Illinois,

and no appropriation has been made by the Legislature for the payment of the amount of such findings.

The Workmen's Compensation Law having been passed by the Legislature subsequent to the act creating this Court, and the Industrial Board having passed upon this claim as provided in said Workmen's Compensation Law, this Court is without further jurisdiction in cases that have been placed directly under the jurisdiction of the Industrial Board by the Legislature, such as claimant claims.

The claim is accordingly dismissed, without prejudice, however to the rights of claimant to present his claim to the Legislature for the payment of the amount allowed by the Industrial Board of the State of Illinois.